CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEONDRE MONTREAL RUSSELL, ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>    Respondent. ) | Case No. 7:26-cv-00015 <br><br> By: Michael F. Urbanski <br> Senior United States District Judge |

## MEMORANDUM OPINION

Deondre Montreal Russell, a federal inmate proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Russell challenges the validity of his federal convictions and sentence in the United States District Court for the Eastern District of North Carolina. For the following reasons, the petition is **DISMISSED** without prejudice for lack of jurisdiction.

## Background

In July 2022, a jury found Russell guilty of conspiracy to distribute and possess with intent to distribute a quantity of cocaine and 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and 851, and possession with intent to distribute quantities of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851. He was sentenced to a total term of imprisonment of 360 months.

Russell appealed his convictions and sentence to the United States Court of Appeals for the Fourth Circuit. On October 4, 2024, the Fourth Circuit affirmed the criminal judgment. See United States v. Russell, No. 23-4114, 2024 U.S. App. LEXIS 25153 (4th Cir. Oct. 4,

2024). A petition for rehearing was denied on December 20, 2024. United States v. Russell, 23-4114, 2024 U.S. App. LEXIS 32367 (4th Cir. Dec. 20, 2024).

Russell is currently incarcerated at USP Lee in Lee County, Virginia. In December 2025, he filed the pending habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. In the petition, Russell claims that the United States destroyed exculpatory evidence, that the district court erred in applying the 21 U.S.C. § 851 sentencing enhancement, and that the district court improperly applied certain enhancements in calculating his total offense level under the United States Sentencing Guidelines. Pet., ECF No. 4, at 6–8.

The petition was transferred to this district pursuant to an order entered on January 6, 2026. Order, ECF No. 10. Russell had been previously advised that a § 2241 petition must be filed in the district of confinement and that any challenge to the validity of his convictions or sentence must be pursued in a motion to vacate under 28 U.S.C. § 2255. Id. After being provided notice pursuant to Castro v. United States, 540 U.S. 375 (2003), Russell declined to consent to his § 2241 petition being converted to a § 2255 motion and requested that the petition be transferred to the Western District of Virginia.

## Discussion

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of a conviction or sentence must do so by filing a motion to vacate under 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Under the savings clause of § 2255(e), a federal prisoner may challenge his convictions or sentence in a § 2241 petition if the remedies afforded in § 2255 would be "inadequate or ineffective to test the legality of [his] detention." 28 U.S.C.

2

§ 2255(e). However, the scope of the savings clause is narrow. It "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023); see also id. at 474 (providing examples of such "unusual circumstances" including "the sentencing court's dissolution").

Because Russell seeks to challenges the validity of his federal convictions and sentence, the proper vehicle for his claims is a § 2255 motion. The mere fact that Russell believes that a § 2255 motion would be unsuccessful if considered by the sentencing court does not satisfy the requirements of the savings clause. See, e.g., Santiago v. Streeval, 36 F.4th 700, 706 (7th Cir. 2022) ("Relief under § 2255 is not inadequate or ineffective merely because the defendant lost or would have lost under § 2255 on the merits or on a procedural ground."). Consequently, Russell cannot proceed with his claims under § 2241.

## Conclusion

For the reasons stated, Russell's petition is **DISMISSED** without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: January 9, 2026

Michael F. Urbanski
U.S. District Judge
2026.01.09 14:24:53
-05'00'

Michael F. Urbanski
Senior United States District Judge

3